UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | | |
|---|---|---|
| ROSS THACKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 08-CV-2095 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION**

On April 18, 2008, Petitioner, Ross Thacker, filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. Petitioner claims that the Government presented the perjured testimony of his co-defendant, Semaji Warren, at his second trial and that his counsel was ineffective for allowing this perjured testimony to be presented. Petitioner also claims that the sentence imposed of 400 months in the Federal Bureau of Prisons is unconstitutional. On June 16, 2008, the Government filed its Response to Petitioner's Motion under 28 U.S.C. § 2255 (#6). On July 28, 2009, Petitioner filed his Reply (#13). This court has carefully considered the arguments raised by the parties and the record in this case. Following this careful and thorough review, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DENIED.

FACTS

On April 4, 2003, Petitioner and Warren were charged by Superseding Indictment (#10) with two counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and two counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Warren was also charged with three additional offenses. All of the charges related to the robberies of three convenience stores, a Bigfoot and Colonial Pantry in Champaign, Illinois, and a Casey's in Philo, Illinois. The superseding indictment did not include any charges against Petitioner

related to the robbery of the Colonial Pantry because he had previously pled guilty to a state charge regarding that robbery and was sentenced to a term of six years in the Illinois Department of Corrections.

On February 26, 2004, following a jury trial, Warren was found guilty of all of the charges against him. On April 22, 2004, after a separate jury trial, Petitioner was found guilty of one count of robbery and one count of carrying a firearm in relation to a crime of violence. These charges related to the robbery of the Bigfoot store. The jury was unable to reach a verdict as to the other two counts against him, which related to the robbery of the Casey's store, and this court declared a mistrial as to those counts. Prior to Petitioner's second trial on the counts related to the robbery of the Casey's store, Warren agreed to cooperate with the Government and testify against Petitioner.

Petitioner's second trial commenced on May 3, 2004. At the second trial, Warren testified on behalf of the Government. Petitioner's counsel thoroughly cross-examined Warren concerning his motive to testify and challenged his credibility. The Government also presented the testimony of Angela Warfield and Alesha Workman, who testified that they entered the Casey's store to assess how many employees were working inside before Warren and Petitioner entered the store and robbed it. In addition, the Government presented the testimony of various store employees and customers. The evidence showed that the robbery of the Casey's store occurred less than three hours before the robbery of the Colonial Pantry. Petitioner testified and admitted his involvement in the Colonial Pantry and Bigfoot robberies. He denied any involvement in any other armed robberies with Warren, however. The jury found him guilty of both of the charges related to the Casey's robbery.

A sentencing hearing was held on March 9, 2005. Pursuant to 18 U.S.C. § 924(c), Petitioner was subject to a sentence of 84 months for one firearms conviction and a sentence of 300 months for the second firearms conviction, both to be served consecutive to each other and to any other sentence

imposed. This court imposed a sentence of 400 months, consisting of 16 months for each of the robbery convictions, to be served concurrently, followed by consecutive sentences of 84 months and 300 months for the firearms convictions. Petitioner was ordered to pay $2,869.17 in restitution and a $400.00 special assessment. He was also sentenced to a five-year term of supervised release.

Petitioner filed a timely Notice of Appeal. On appeal, he argued that this court abused its discretion by granting the Government's motion in limine to block all evidence concerning his state court plea negotiations and ensuing agreement. On November 21, 2006, the Seventh Circuit issued an unpublished Order affirming Petitioner's conviction. United States v. Thacker, Case No. 05-1645. The Seventh Circuit rejected Petitioner's argument, stating that this court "reasonably concluded that evidence of the state plea agreement would confuse the jury by leaving the impression that the authorities went back on their word not to prosecute Thacker for other robberies." United States v. Thacker, Case No. 05-1645, p.4. The court further stated that "[a]lthough it was a state prosecutor who told Thacker that he could plead to the Colonial Pantry robbery and admit his other offenses without risk of prosecution, this subtlety may have been lost on the jury." Thacker, Case Nos. 05-1645, p.4. In addition, the court concluded that the evidence against Petitioner was overwhelming so that any possible error was harmless. Thacker, Case No. 05-1645, p.4. The court stated:

> All three of Thacker's compatriots testified that he participated in the Casey's robbery. Thacker argues that their testimony was hardly impartial, but other evidence tied him to the Casey's job as well. The clerk who was on duty at the Casey's store during the robbery described one of her assailants as wearing the same clothes and bandanna that were shown in a video of the second robbery that evening, at the Colonial Pantry store–clothing and a bandanna that

>Thacker admitted to wearing. The clerk also testified that she was "positive" that the bag carried by the man wearing the bandanna in the video was the same that had been carried by the man wearing the bandanna during the Casey's robbery. Finally, the *modus operandi* for the Casey's robbery was exactly the same as for the two other robberies to which Thacker admitted, including one just several hours earlier.[1] *See United States v. Seals*, 419 F.3d 600, 607 (7th Cir. 2005). In each one, the girlfriends went in to scope out the store and then the defendants entered wearing a mask and bandanna and proceeded to steal roughly the same amount of cash and the same brand of cigarettes. Any error in excluding the evidence was harmless in light of the government's strong case.

Thacker, Case No. 05-1645, p.4-5.

On April 18, 2008, Petitioner filed his pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. Petitioner first argued that Warren is a "pathological liar" who made false statements to the police during his pretrial detention. Petitioner claimed that his constitutional rights were violated because the Government presented Warren's perjured testimony at his second trial and his counsel was ineffective for "neglect[ing] to insulate [him] from Warren's highly prejudicial testimony during trial." In support of this claim, Petitioner attached his affidavit, dated February 12, 2008, in which he stated that his trial counsel informed him prior to and during his first trial "that the government would not be using Mr. Warren as a witness because he wasn't

---

[1] In fact, the robbery of the Casey's store occurred earlier than the robbery of the Colonial Pantry. However, the important point is that the robberies occurred very close in time to each other.

credible and had lied on numerous occasions to both state and federal investigators." Petitioner also argued that his 400 month sentence is unconstitutional because mandatory minimum sentences have been criticized and violate due process.

On June 16, 2008, the Government filed its Response to Petitioner's Motion Under 28 U.S.C. § 2255 (#6). The Government argued that Petitioner is not entitled to any relief based upon § 2255. The Government argued that Petitioner's conclusory claim that his constitutional rights were violated by Warren's perjured testimony fails because Petitioner has not established that any of Warren's testimony at his second trial was false. The Government also argued that Petitioner's challenge to his sentence, which was based upon mandatory minimum sentences, is entirely without merit.

This court allowed Petitioner additional time to file a Reply, and on July 28, 2009, Petitioner filed his pro se Reply to the Government's Response (#13). Petitioner argued that his 400 month sentence is unconstitutional and violated United States v. Booker, 543 U.S. 220 (2005). Petitioner contended that this court should have sentenced him based upon the factors set out in 18 U.S.C. § 3553(a) and should have rejected the mandatory minimum set out in 18 U.S.C. § 924(c). Petitioner also argued that his counsel was ineffective for allowing perjured testimony at his trial.

ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996), citing Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995). Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an

5

evidentiary hearing or relief under 28 U.S.C. § 2255. This court notes that Petitioner was convicted following a jury trial at which the Government presented overwhelming evidence of Petitioner's guilt. See Thacker, Case No. 06-1645, p.4-5.

Petitioner first claims that the Government presented Warren's perjured testimony at his second trial and his counsel was ineffective for allowing this testimony to be presented. The Government is correct that Petitioner is entitled to relief only if he establishes that "(1) there was perjured testimony, (2) of which the government knew or should have known, and (3) that testimony could have affected the outcome of the trial." United States v. Palivos, 486 F.3d 250, 254 (7th Cir. 2007). This court agrees with the Government that Petitioner's claim fails because he has not shown that Warren's testimony at trial was false. Petitioner claims that Warren is a "pathological liar." However, he has not provided any support for that opinion. In his affidavit, Petitioner has stated only that his counsel informed him that the Government was not going to use Warren's testimony at Petitioner's first trial "because he wasn't credible and had lied on numerous occasions to both state and federal investigators." However, prior to Petitioner's second trial, Warren agreed to cooperate with the Government and testify against Petitioner. Warren's testimony at trial was consistent with the testimony of the other witnesses regarding Petitioner's involvement in the Casey's robbery. Therefore, while Warren may have lied on prior occasions and may have had credibility problems, that does not show that his trial testimony was false. As noted previously, Petitioner's trial counsel cross-examined Warren regarding his motives for testifying and challenged his credibility. This was, obviously, all Petitioner's counsel could do. Contrary to Petitioner's apparent belief, defense counsel cannot prevent the Government from calling a witness because the testimony could be prejudicial to the defendant.

This court also concludes that Petitioner's challenge to his sentence is entirely without merit. In United States v. Roberson, 474 F.3d 432 (7th Cir. 2007), the district court sentenced a defendant to one month in prison for bank robbery and a consecutive sentence of 84 months for a gun offense, the minimum sentence under 18 U.S.C. § 924(c)(1)(A). Roberson, 474 F.3d at 433. The minimum advisory guideline sentence for the bank robbery offense was 46 months, leading to a total guidelines sentence of 130 months. Roberson, 474 F.3d at 433-34. In imposing sentence, the district judge stated, "I find a 130 month sentence unreasonable on the facts of this case and contrary to the purposes of sentencing under § 3553. Because I have no power to adjust the 84 month consecutive sentence, I have no alternative but to adjust the 46 month guideline part of the sentence so that the sentence, as a whole, is reasonable." Roberson, 474 F.3d at 434. The Government appealed, and the Seventh Circuit reversed and remanded, with instructions to the district judge to resentence the defendant. Roberson, 474 F.3d at 437.

The Seventh Circuit stated:

> The judge thought that automatically adding 84 months to the sentence for bank robbery in which the gun was used unreasonably limited her discretion. She is of course entitled to her view, but she is not entitled to override Congress's contrary view. The Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), which made the sentencing guidelines advisory, did not authorize district judges to ignore statutory sentencing ranges. . . .
>
> The judge may have been misled by the fact that the standard for

> appellate review of sentences under the regime of Booker is reasonableness. A sentence could be "reasonable" in a layman's sense even though it was outside the statutory sentencing range. But it would not be reasonable in a legal sense. Booker confers no authority on judges to disregard statutes.

Roberson, 474 F.3d at 434. The Seventh Circuit concluded that "the judge should have picked a sentence for the bank robbery without regard for the fact that a gun had been used in it, and then tacked on 84 months." Roberson, 474 F.3d at 434. In its Opinion, the Seventh Circuit acknowledged "the tension with section 3553(a), but that very general statute cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress." Roberson, 474 F.3d at 436. The Seventh Circuit ended by stating that "Booker has nothing to do with minimum sentences" and that the "judiciary is not free to replace Congress's approach with one that it deems superior." Roberson, 474 F.3d at 437, quoting United States v. Cannon, 429 F.3d 1158, 1160 (7th Cir. 2005), United States v. Miller, 450 F.3d 270 275 (7th Cir. 2006).

Therefore, Petitioner's arguments based upon Booker and 18 U.S.C. § 3553(a) are clearly and completely foreclosed by the Seventh Circuit's decision in Roberson. See also United States v. Calabrese, 572 F.3d 362, 369-70 (7th Cir. 2009) (Seventh Circuit rejected the defendant's argument that his sentence of just over 62 years was excessive stating that "[u]nder Roberson, we simply ask whether Calabrese's sentence for the underlying crimes was reasonable, putting to the side any concerns arising from the § 924(c) add-ons"). This court had no option but to sentence Petitioner based upon the applicable statutory minimum sentences, which were required to be consecutive.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 19th day of October, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE